J-A08004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LADOV LAW FIRM, JOSHUA B. | : | No. 1817 EDA 2025 |
| LADOV, ESQ.,  DUBIS RUSSELL & | : | |
| PETERSON PC, MATTHEWS  PAOLI | : | |
| FORD, FORD MOTOR COMPANY, | : | |
| JAMES P. PETERSON, ESQ., JOHN | : | |
| MCELENEY,  JOHN DOE 1-10 | : | |

Appeal from the Order Entered June 13, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240201322

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:                    **FILED APRIL 23, 2026**

David Hatchigian appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, granting Appellee John McEleney's motion to dismiss pursuant Pa.R.Civ.P. 233.1[1].  After review, we remand for the trial court to file a supplementary Pa.R.A.P. 1925(a) opinion.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Pennsylvania Rule of Civil Procedure 233.1 permits a defendant to file a motion to dismiss an action brought by a *pro se* plaintiff that the defendant believes is frivolous because the *pro se* plaintiff has raised the same or related claims in a prior action against the same or related defendants and which have already been resolved.

A detailed factual and procedural history is unnecessary in light of our disposition. Hatchigian filed suit in the Philadelphia Court of Common Pleas in February of 2024 against the various Appellees, some of whom he had previously sued in the Philadelphia Municipal Court. Appellees Ladov Law Firm, P.C., Joshua B. Ladov, Esquire, and Matthews Paoli Ford filed a motion to dismiss pursuant Pa.R.C.P. 233.1 on March 11, 2024. Appellees Ford Motor Company, James P. Peterson, Esquire, and Dobis Russell & Peterson, P.C. (collectively, Peterson Appellees), likewise filed a motion to dismiss pursuant to Pa.R.C.P. 233.1 on March 12, 2024. The Honorable Daniel J. Anders, then presiding, granted both motions in separate orders on April 8, 2024, before issuing an amended order dated May 17, 2024, amending the April 8 order from the Peterson Appellees' motion to dismiss.[2] Hatchigian appealed from that order, but we subsequently quashed that appeal as interlocutory after Hatchigian failed to respond to our Rule to Show Cause. *See Hatchigian v. Ladov Law Firm, et al.*, 1352 EDA 2024 (Pa. Super. July 12, 2024) (unpublished memorandum decision); *see also* Pa.R.A.P. 341(b)(1) (final order disposes of all claims and parties).

The case was then eventually reassigned to the Honorable Denis P. Cohen. Appellee McEleney filed a motion to dismiss pursuant Pa.R.C.P. 233.1 on December 12, 2024, which the trial court granted on June 13, 2025. Hatchigian timely appealed from all four orders the trial court entered on the

_____

[2] The amended order specified that the motion was granted as to the moving defendants only.

- 2 -

same docket, raising the issue of whether the three motions to dismiss were properly granted pursuant to Pa.R.C.P. 233.1. *See* Appellant's Brief, at 4-7; *see also* Appellant's Rule 1925(b) Statement, at 1-2.

In its Rule 1925(a) opinion, the trial court noted the four orders Hatchigian appealed from and stated that, because the first three orders "were not issued by this court, this opinion will not further address the orders issued by Judge Anders." Trial Court Opinion, 11/3/25, at 2 (unnecessary capitalization omitted); *see also id.* at 7 (disposing of first issue on appeal "because it references orders issued by Judge Anders").

However, pursuant Pa.R.A.P. 1925(a)(1),

> [i]f the case appealed involves a ruling issued by a judge who was not the judge entering the order giving rise to the notice of appeal, the judge entering the order giving rise to the notice of appeal may request that the judge who made the earlier ruling provide an opinion to be filed in accordance with the standards above to explain the reasons for that ruling.

Pa.R.A.P. 1925(a)(1).[3]

The "salutary purpose" of a Rule 1925(a) opinion is "to provide a sufficient foundation for ensuing appellate review." *Temple Estate of Temple v. Providence Care Center, LLC*, 233 A.3d 750, 768 (Pa. 2020) (citation omitted). Our ability to review the issues raised on appeal is impeded without such an opinion. Therefore, remand is appropriate for the trial court to submit a supplemental Rule 1925(a) opinion within 30 days.

---

[3] The official note to Pa.R.A.P. 1925 anticipates such a situation where "more than one judge may issue separate Pa.R.A.P. 1925(a) opinions for a single case." Pa.R.A.P. 1925(a) note.

- 3 -

Case remanded for filing of a supplemental Rule 1925(a) opinion. Panel jurisdiction retained.